IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>vs.<br>DEBELLA EXTERIORS, LLC, and DOES 1-10,<br>Defendants. | NO.<br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ, 47 C.F.R. § 64 ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36 ET SEQ, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.16. ET SEQ<br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Ron Littman, on behalf of himself and others similarly situated and alleges following against Dabella Exteriors, LLC, ("Dabella").

## I. INTRODUCTION

1. Some businesses in America survive solely by cold-calling Americans, pestering them with unwanted calls.

2. Those businesses don't have a competitive advantage sufficient to survive via word of mouth or traditional advertising without resorting to illegal actions.

3. Dabella (website: *https://dabella.us/*) is one such business.

4. Its website says it does roofing, siding, windows and bathrooms, which are useful services to offer the community, but it has been sued many times over the years for trying to find customers such as the Plaintiff via unwanted and illegal telemarketing.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

## II. PARTIES, JURISDICTION & VENUE

5. The Plaintiff lives in Pierce County, Washington, and is and was a resident of Washington State at all times relevant and material to this complaint.

6. Defendant Dabella is an Oregon registered domestic limited liability company with its principal headquarters located in Oregon.

7. According to the Oregon Secretary of State's records, Dabella's principal corporate address is 3495 NE Aloclek Dr, Hillsboro, OR 97124 and its registered agent is Corporation Service Company with the address 1127 Broadway St NE Ste 310, Salem, OR 97301.

8. DOES 1-10 are currently unknown parties who acted as the agents of Debella in telephone soliciting consumers and Plaintiff.

9. All of the calls alleged in this complaint occurred inside the State of Washington during the last four years, and Plaintiff received most of them in Pierce County.

10. Defendants are within the jurisdiction of the Court.

11. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

12. Venue is proper in this County because many of the violations against the Plaintiff and putative class members occurred in this Court's jurisdiction.

## III. FACTUAL ALLEGATIONS

**Plaintiff Ron Littman**

13. The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

14. The Plaintiff uses his cell phone number for personal use only, as one would use a landline.

15. The Plaintiff registered his Washington State area code cell phone numbers on the Federal Trade Commission's national do not call registry more than 30 days prior to the phone calls at issue in this complaint.

16. At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the calls at issue.

17. The Plaintiff has received unwanted telephone calls from Debella or its agents.

18. Debella and/or its agents had a pattern and practice of telephone soliciting the Plaintiff even though they knew or should have known they were calling without consent.

19. This list of calls below is a non-exhaustive list of phone calls the Plaintiff has received, each of them from Debella or an agent acting on behalf of Debella, each phone call encouraging the purchase of home improvement services from Debella.

| Call # | Date | Calling # | Robo? | Spoof? | Calling from: |
|---|---|---|---|---|---|
| 1 | 8/11/2025 | 253-545-0965 | ✓ | ✓ | Home Improvement and Remodeling Group |
| 2 | 8/12/2025 | 253-777-1989 | ✓ | ✓ | Home Improvement and Remodeling Group |
| 3 | 8/21/2025 | 253-404-4795 | ✓ | ✓ | Home Improvement and Remodeling Group |
| 4 | 8/25/2025 | 253-457-9552 | ✓ | ✓ | Home Improvement and Remodeling Group |
| 5 | 8/28/2025 | | ✓ | ✓ | Home Improvement and Remodeling Group |
| 6 | 9/10/2025 | 407-877-8852 | ✓ | ✓ | Home Improvement and Remodeling Group |
| 7 | 9/16/2025 | | ✓ | ✓ | Home Improvement and Remodeling Group |
| 8 | 9/18/2025 | | ✓ | ✓ | Home Improvement and Remodeling Group |
| 9 | 9/22/2025 | | ✓ | ✓ | Home Improvement and Remodeling Group |
| 10 | 9/23/2025 | | ✓ | ✓ | Home Improvement and Remodeling Group |

20. The "Robo" column indicates the call was initiated with artificial or prerecorded voice.

21. The "Spoof" column indicates the call was initiated by sending the Plaintiff's phone a calling phone number that was not the true calling number and at which Debella's could not be reached.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

22. This was verified by calling the calling numbers back and the phone system refusing the connect the calls to anyone or anything.

23. In no call above did the calling agent disclose on whose behalf the call was made or give a calling number or address at which the entity may be contacted as required by 47 CFR § 64.1200(d)(4).

24. As an example, below is a transcript of call #1 above:

> **Mr. Littman:** Hello?
> Robot: *Hello.*
> **Mr. Littman:** Hi.
> Robot: *Hi, this is Nora with the Home Improvement and Remodeling Group. I'll be brief. We're currently offering completely free, no obligation quotes for windows, roofing, and sliding services. It only takes a few minutes and homeowners are seeing real savings and added value to their homes. Just to check, are you the homeowner?*
> **Mr. Littman:** Excuse me?
> Agent: *Hello?*
> **Mr. Littman:** Hello?
> Agent: *Yeah, hi, my name is Jacob, Senior Supervisor from Home Improvement. How are you doing today?*
> **Mr. Littman:** I'm okay.
> Agent: *Oh, that's good. Well, actually, the reason for my call is that we are providing some free and no obligation pricing estimates for your home improvement, like for your roof, windows, and sliding. So, are you the homeowner of a single-family house?*

25. These are all services Debella sells.

26. The Plaintiff could tell the call started with a robot because of the announcement tone of voice and inability to engage in natural conversation and then transition to a live person when natural conversation was required.

27. All of the calls in the table above followed the same pattern – Debella started a conversation with artificial or prerecorded voice and then brought in a live agent onto the call.

28. The live agent pitched home improvement services and encouraged the Plaintiff to agree to have a Debella employee or contractor come out to give a 'free' quote, all with the intended purpose of selling the Plaintiff home improvement services.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

29. The Plaintiff repeatedly indicated to Debella he wasn't interested in their home improvement services but they persisted in calling him.

30. Eventually the Plaintiff set up an appointment at a specific time and place for a 'free' quote to see who was behind the calls at which point Debella revealed it was they behind the calls, and it was they who showed up at the appointment to give a 'free' quote for home improvements,

31. The Plaintiff then used a reasonable means to send Debella a company specific do-not-call request.

32. The Plaintiff never provided his telephone number to Debella, never had a relationship with Debella, and never gave permission for Debella to send him any type of communication except to unmask them and stop the unwanted calls.

33. Debella placed or knowingly caused these phone calls to be placed to the Plaintiff.

34. Debella webpage *https://dabella.us/careers/* lists a category of "Call Center Opportunities".

35. It lists Call Center jobs in Addison Texas, Boise Idaho, and Hillsboro Oregon.

36. Debella claims "WARM LEADS – *all* of them, no calling, no door knocking, closing sales only!"

37. But the specific call center jobs all say "Take Inbound and make outbound calls to new and existing customers from our database".

38. Debella puts people in its database against their will and then calls and robocalls them to death.

39. On Debella's BBB page https://www.bbb.org/us/or/hillsboro/profile/roofing-contractors/dabella-1296-22828301/complaints there is a steady stream of unwanted call complaints that Debella is aware of because they responded to each one.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE 2300
BELLEVUE, WA 98004
PH: 206-800-6000

40. Example from 12/6/2025: Continuous spam calls 3- 5 times a day. I have over a dozen times to remove me from their call list and have also blocked all their numbers. They keep calling. I am also on the national Do not call list which they seem to ignore. They are calling all hours in the day and night.

41. Example from 12/2/2025: This company began sending me unsolicited texts saying I requested a quote, which I did not. I have never called, emailed, texted, or had any contact with this company prior. Then they began calling me to "schedule an appointment" almost on the hour, day after day. I block their number; they call from another. REMOVED sales tactics.

## IV. CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43. **Class Definitions:** The Plaintiff brings this class action lawsuit pursuant to CR 23, and seeks certification of the following Classes:

> **DNCR Class**: Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **WA STATE DNCR Class**: Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **30 Second Class:** Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

**<u>Identification Class:</u>** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification a Defendant (or an agent acting on behalf of a Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**<u>False or misleading Caller ID class</u>:** Plaintiff and all persons within the United State who from four years prior to the filing of this action through class certification Defendants (or an agent acting on behalf of Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

**<u>Pre-recorded No Consent Class</u>:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants, or an agent calling on behalf of the Defendants, called on their telephone number (2) using the same or a substantially similar artificial or pre-recorded voice messages used to call the Plaintiff.

**<u>Automatic Dialing and Announcing Device Class</u>:** All persons within Washington State who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their telephone number using an (2) automatic dialing and announcing device for purposes of commercial solicitation.

**<u>Spoofed Number Class</u>:** Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services while causing the caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

44. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

45. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

46. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether the Defendants obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether the Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether the Defendants sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages the Defendants sent to Washington residents' cell phones or pagers;

e. Whether the Defendants should be held liable for violations committed on its behalf, if any; and



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5) and RCW 19.86.090.

48. **Superiority:** Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

49. In addition to satisfying the prerequisites of CR 23, Plaintiff satisfies the requirements for maintaining a class action under CR 23 because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for the Defendants;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. The Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

50. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

51. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## V. CAUSES OF ACTION ALLEGATIONS APPLICABLE TO ALL COUNTS

52. Debella is a "seller" as defined by 47 CFR § 64.1200(f)(10).

53. All of the calls Debella initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

54. Debella is a "person" as defined by 47 U.S.C. § 153(39) & RCW 19.86.010(1).

55. The Plaintiff is a person as defined by 47 U.S.C. § 153(39) & RCW 19.86.010(1).

56. Debella engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

57. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from Debella.

58. The phone ringing and buzzing from unwanted phone calls is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

59. Looking at who is calling takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

60. Trying to figure out who is behind the text message is obnoxious and costs the Plaintiff time.

## COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. 227(c)

61. Pursuant to 47 U.S.C. 227(c), it is unlawful for a person to initiate telephone solicitation without consent to residential telephone subscribers who have registered his or her



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

62. The Plaintiff realleges the previous paragraphs supra.

63. The Plaintiff registered his telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

64. The Defendants violated 47 U.S.C. 227(c) by calling the Plaintiff's telephone without invitation or consent.

65. No exception under 47 C.F.R § 64.1200 or 47 U.S.C. 227 applies to its calls.

66. The Plaintiff indicated to the Defendants again and again that he was not interested in their services but they continued calling.

67. They never had any reason to think he wanted their calls to begin with.

68. The Defendants violated 47 U.S.C. § 227(c) on no fewer than fifty (50) occasions.

69. The Plaintiff has been damaged and injured as a result of these actions.

70. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. 227(b)

71. Pursuant to 47 U.S.C. 227(b), it is unlawful for a person to place telephone calls with an artificial or prerecorded voice without the consent of the called party.

72. The Plaintiff realleges the previous paragraphs supra.

73. The Defendants violated 47 U.S.C. 227(b) by calling the Plaintiff's telephone while using an artificial or prerecorded voice. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE 2300
BELLEVUE, WA 98004
PH: 206-800-6000

74. Therefore, the Defendants violated 47 U.S.C. 227(b) on no fewer than fifty (50) occasions.

75. The Plaintiff has been damaged and injured as a result of these actions.

76. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

77. Pursuant to 47 C.F.R. § 64.1200(d)(4), all calls made for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

78. The Plaintiff realleges the previous paragraphs supra.

79. The Defendants never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted by the Plaintiff.

80. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d)(4) on no fewer than fifty (50) occasions.

81. The Plaintiff has been damaged and injured as a result of these actions.

82. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
47 CFR § 64.1601(e)

83. 47 CFR § 64.1601(e) requires that any entity engaged in telemarketing as that term is defined in 47 C.F.R § 64.1200 must transmit caller identification information.

84. The Plaintiff realleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

85. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

86. The Defendants and their agents did neither.

87. The Defendants phone carrier allowed them to transmit the name of the telemarketer or seller, and the Defendants chose not to transmit this information on any call to Plaintiff.

88. The Defendants chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

89. Therefore, the Defendants violated 47 CFR § 64.1601(e) on no fewer than fifty (50) occasions.

90. The Plaintiff has been damaged and injured as a result of these actions.

91. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 5 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(3)**

92. Pursuant to RCW 80.36.390(3), a telephone solicitor must identify themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call, within the first thirty (30) seconds of the telephone call.

93. The Plaintiff realleges the previous paragraphs supra.

94. The Defendants never identified themselves, the company or organization on whose behalf the solicitation was being made, and the purpose of the call, within the first thirty (30) seconds of the telephone calls to the Plaintiff.

95. Therefore, the Defendants have violated RCW 80.36.390(3) on no fewer than fifty (50) occasions.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

96. The Plaintiff has been damaged and injured as a result of these actions.

97. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 6 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(9)**

98. RCW 80.36.390(9) requires that "No person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations."

99. A person aggrieved by repeated violations of this section "may bring a civil action in superior court to enjoin future violations, to recover damages, or both. The court shall award damages of at least $1,000 for each individual violation of this section. If the aggrieved person prevails in a civil action under this subsection, the court shall award the aggrieved person reasonable attorneys' fees and cost of the suit."

100. The Plaintiff realleges the previous paragraphs supra.

101. The Defendants and their agents repeatedly called Plaintiff's phone number, which was registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227.

102. Therefore, Debella has violated RCW 80.36.390(9) on no fewer than fifty (50) occasions.

103. The Plaintiff has been damaged and injured as a result of these actions.

104. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

**COUNT 7 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(10)**

105. Pursuant to RCW 80.36.390(10), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number that violates 47 U.S.C. Sec. 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government.

106. The Plaintiff realleges the previous paragraphs supra.

107. The Defendants initiated telephone solicitation to the Plaintiff's telephone number while knowingly transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

108. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of invading the Plaintiff's privacy.

109. The Defendants intended to invade the Plaintiff's privacy and harass the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of selling the Plaintiff goods or services via wrongful phone calls.

110. Therefore, the Defendants violated RCW 80.36.390(10) on new fewer than fifty (50) occasions.

111. The Plaintiff has been damaged and injured as a result of these actions.

112. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.400(2)**

113. Pursuant to RCW 80.36.400(2), no person may use an automatic dialing and announcing device for the purposes of commercial solicitation.

114. The Plaintiff realleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE 2300
BELLEVUE, WA 98004
PH: 206-800-6000

115. The Defendants used a device to initiate the artificial or prerecorded voice calls to the Plaintiff.

116. The device the Defendants used to initiate the artificial or prerecorded voice calls to the Plaintiff automatically dials phone numbers, and when a connection is established, automatically plays an announcement.

117. If the announcement plays successfully, the Defendants initiates a transfer of the call to a live agent selling Debella's goods or services.

118. The Defendants used this device for the purpose of initiating commercial solicitation to the Plaintiff and consumers like him

119. The Defendants used an automatic dialing and announcing device for the purposes of commercial solicitation on every artificial or prerecorded voice call they placed to the Plaintiff's residential phone line.

120. Therefore, The Defendants violated RCW 80.36.400(2) on no fewer than fifty (50) occasions.

121. The Plaintiff has been injured and damaged because of the Defendants' actions.

122. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 9 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 *et seq***

123. Pursuant to RCW 80.36.390(12), a violation of RCW 80.36.390 *et seq*, is a per se violation of the Washington Consumer Protection Act, RCW 19.86 et seq.

124. Pursuant to RCW 80.36.400(4) a violation of RCW 80.36.400 *et seq*, is a per se violation of the Washington Consumer Protection Act, RCW 19.86 et seq.

125. The Plaintiff realleges the previous paragraphs supra.

126. Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

127. Each of the previously pleaded violations of RCW 80.36.400 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

128. Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than fifty (50) occasions.

129. The Plaintiff has been injured and damaged because of the Defendants' actions.

130. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 10 – INJUNCTIVE RELIEF**

131. A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227.

132. A Plaintiff may seek injunctive relief for violations of the Washington Telephone Solicitation Act. RCW 80.36.390(13) & RCW 80.36.400(4).

133. A Plaintiff may seek injunctive relief for violations of the Washington Consumer Protection Act. RCW 19.86.090.

134. The Plaintiff realleges the previous paragraphs supra.

135. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting Debella from acting in any manner at odds with 47 U.S.C § 227(c), 47 CFR § 64.1601(e), and RCW 80.36 *et seq*.

136. The Plaintiff realleges the previous paragraphs supra.

137. Despite a DNC request, Debella or its agents continue telephone soliciting the Plaintiff.

138. Debella's actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

139. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

140. Injunctive relief should therefore be granted by this Court.

## VI. JURY DEMAND

141. The Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

142. WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23, and that the Plaintiff and his counsel be appointed to represent the Class and for judgment be entered against the Defendants for:

143. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

144. For statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act;

145. For the Plaintiff's actual damages;

146. For treble damages pursuant to RCW 19.86.090, 47 U.S.C.§ 227(b) & 47 U.S.C.§ 227(c).

147. For the Plaintiff's costs and attorney's fees pursuant to RCW 19.86.090 & RCW 80.36.390(13)

148. For all injunctive relief as pleaded for above;

149. For any and all other relief this Court deems proper.

DATED January 6, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE 2300
BELLEVUE, WA 98004
PH: 206-800-6000