UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DABELLA EXTERIORS, LLC, and DOES 1-10,<br><br>Defendants. | Case No. 3:26-cv-05081-DGE<br><br>**DEFENDANT DABELLA EXTERIORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant DaBella Exteriors LLC ("Defendant" or "DaBella"), answers the Class Action Complaint (Doc No. 1) as follows.

## I. INTRODUCTION

1. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 1, and therefore denies them.

2. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies them.

3. Defendant admits the allegations contained in paragraph 3.

4. Plaintiff admits that its website states that it provides roofing, siding, windows and bathrooms. Defendant denies the remaining allegations as phrased and states that the


Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

pleading speaks for itself. To the extent an answer is required for the remaining allegations, paragraph 4 is denied.

## II. PARTIES, JURISDICTION & VENUE

5. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies them.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant states that the call records speak for themselves; therefore, Defendant denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

11. The allegations contained in paragraph 11 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

12. The allegations contained in paragraph 12 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## III. FACTUAL ALLEGATIONS

**Plaintiff Ron Littman**

13. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 13, and therefore denies them.



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

14. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 14, and therefore denies them.

15. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 15, and therefore denies them.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant admits that it called the telephone number ending in 9365; Defendant denies that it made the calls listed in paragraph 19.

20. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 20, and therefore denies them.

21. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 21, and therefore denies them.

22. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 22, and therefore denies them.

23. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 23, and therefore denies them.

24. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 24, and therefore denies them.

25. Defendant states that its business records speak or itself and further denies that the call in paragraph 24 was made by DaBella; therefore, Defendant denies the allegation contained in paragraph 25.

26. Defendant is without knowledge as to the truth or falsity of the allegations



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

contained in paragraph 26, and therefore denies them.

27. Defendant states that the telephone records speak for themselves; therefore, Defendant denies the allegations in paragraph 27.

28. Defendant states that the telephone records speak for themselves; therefore, Defendant denies the allegations in paragraph 28.

29. Defendant states that the telephone records speak for themselves; therefore, Defendant denies the allegations in paragraph 29.

30. Defendant admits that Plaintiff set an appointment and expressed an interest in Defendant's products and services; Defendant denies the remaining allegations in paragraph 30.

31. Defendant states that the communications speak for themselves; therefore, Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant states that its website speaks for itself; therefore, Defendant denies the allegations in paragraph 34.

35. Defendant states that its website speaks for itself; therefore, Defendant denies the allegations in paragraph 35.

36. Defendant states that its website speaks for itself; therefore, Defendant denies the allegations in paragraph 36.

37. Defendant states that its website speaks for itself; therefore, Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant states that its BBB page speaks for itself; therefore, Defendant denies



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

the allegations in paragraph 39.

40. Defendant states that its BBB page speaks for itself; therefore, Defendant denies the allegations in paragraph 40.

41. Defendant states that its BBB page speaks for itself; therefore, Defendant denies the allegations in paragraph 41.

## IV. CLASS ACTION ALLEGATIONS

42. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

43. The allegations contained in paragraph 43 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

44. The allegations contained in paragraph 44 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

45. The allegations contained in paragraph 45 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

46. The allegations contained in paragraph 46 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

47. The allegations contained in paragraph 47, inclusive of subparts 47a-f, assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

48. The allegations contained in paragraph 48 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

49. The allegations contained in paragraph 49, inclusive of subparts 49a-c, assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

50. The allegations contained in paragraph 50 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

51. The allegations contained in paragraph 51 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## V. **CAUSES OF ACTION ALLEGATIONS APPLICABLE TO ALL COUNTS**

52. The allegations contained in paragraph 52 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

53. The allegations contained in paragraph 53 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

54. The allegations contained in paragraph 54 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

55. The allegations contained in paragraph 55 assert legal conclusions and thus no


Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

response is required. To the extent a response to those allegations is required, Defendant denies them.

56. The allegations contained in paragraph 56 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

57. The allegations contained in paragraph 57 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

58. Defendant states that the allegation in paragraph 58 is vague and unspecified, and therefore, Defendant cannot adequately admit or deny the allegation in paragraph 58. To the extent a response to those allegations is required, Defendant denies them.

59. Defendant states that the allegation in paragraph 59 is vague and unspecified, and therefore, Defendant cannot adequately admit or deny the allegation in paragraph 58. To the extent a response to those allegations is required, Defendant denies them.

60. Defendant states that the allegation in paragraph 60 is vague and unspecified, and therefore, Defendant cannot adequately admit or deny the allegation in paragraph 58. To the extent a response to those allegations is required, Defendant denies them.

**COUNT I – TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(c)**

61. The allegations contained in paragraph 61 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

62. Defendant reincorporates its response to the prior allegations of the Complaint,



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

and incorporates them by reference herein.

63. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 63, and therefore denies them.

64. Defendant denies the allegations contained in paragraph 64.

65. The allegations contained in paragraph 65 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

66. Defendant states that the call records speak for itself; therefore, Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations contained in paragraph 67.

68. Defendant denies the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

70. Defendant denies the allegations contained in paragraph 70.

**COUNT 2 – TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(b)**

71. The allegations contained in paragraph 71 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

72. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

75. Defendant denies the allegations contained in paragraph 75.



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

76. Defendant denies the allegations contained in paragraph 76.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. 64.1200(d)(4)**

77. The allegations contained in paragraph 77 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

78. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

79. Defendant states that the phone records speak for itself; Defendant therefore denies the allegations contained in paragraph 79.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant denies the allegations contained in paragraph 81.

82. Defendant denies the allegations contained in paragraph 82.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. 64.1601(e)**

83. The allegations contained in paragraph 83 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

84. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

85. The allegations contained in paragraph 85 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them

86. Defendant states that the phone records speak for itself; Defendant therefore



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

denies the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88.

89. Defendant denies the allegations contained in paragraph 89.

90. Defendant denies the allegations contained in paragraph 90.

91. Defendant denies the allegations contained in paragraph 91.

## COUNT 5 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(3)

92. The allegations contained in paragraph 92 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

93. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

94. Defendant states that the phone records speak for itself; Defendant therefore denies the allegations contained in paragraph 94.

95. Defendant denies the allegations contained in paragraph 95.

96. Defendant denies the allegations contained in paragraph 96.

97. Defendant denies the allegations contained in paragraph 97.

## COUNT 6 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(9)

98. The allegations contained in paragraph 98 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

99. The allegations contained in paragraph 99 assert legal conclusions and thus no



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

response is required. To the extent a response to those allegations is required, Defendant denies them.

100. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

101. Defendant states that the phone records speak for itself; Defendant therefore denies the allegations contained in paragraph 101.

102. Defendant denies the allegations contained in paragraph 102.

103. Defendant denies the allegations contained in paragraph 103.

104. Defendant denies the allegations contained in paragraph 104.

**COUNT 7 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(10)**

105. The allegations contained in paragraph 105 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

106. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

107. Defendant denies the allegations contained in paragraph 107.

108. Defendant denies the allegations contained in paragraph 108.

109. Defendant denies the allegations contained in paragraph 109.

110. Defendant denies the allegations contained in paragraph 110.

111. Defendant denies the allegations contained in paragraph 111.

112. Defendant denies the allegations contained in paragraph 112.



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

**COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.400(2)**

113. The allegations contained in paragraph 113 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

114. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

115. Defendant states that any equipment or device speaks for itself; therefore, Defendant denies the allegations contained in paragraph 115.

116. Defendant states that any equipment or device speaks for itself; therefore, Defendant denies the allegations contained in paragraph 116.

117. Defendant states that any equipment or device speaks for itself; therefore, Defendant denies the allegations contained in paragraph 117.

118. Defendant states that any equipment or device speaks for itself; therefore, Defendant denies the allegations contained in paragraph 118.

119. Defendant states that any equipment or device speaks for itself; therefore, Defendant denies the allegations contained in paragraph 119.

120. Defendant denies the allegations contained in paragraph 120.

121. Defendant denies the allegations contained in paragraph 121.

122. Defendant denies the allegations contained in paragraph 122.

**COUNT 9 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 *et seq***

123. The allegations contained in paragraph 123 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies


Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

them.

124. The allegations contained in paragraph 124 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

125. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

126. Defendant denies the allegations contained in paragraph 126.

127. Defendant denies the allegations contained in paragraph 127.

128. Defendant denies the allegations contained in paragraph 128.

129. Defendant denies the allegations contained in paragraph 129.

130. Defendant denies the allegations contained in paragraph 130.

## COUNT 10 – INJUNCTIVE RELIEF

131. The allegations contained in paragraph 131 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

132. The allegations contained in paragraph 132 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

133. The allegations contained in paragraph 133 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

134. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

135. Defendant denies the Plaintiff is entitled to the relief requested in paragraph 135.

136. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

137. Defendant denies the allegations contained in paragraph 137.

138. Defendant denies the allegations contained in paragraph 138.

139. Defendant denies the allegations contained in paragraph 139.

140. Defendant denies the allegations contained in paragraph 140.

## VI. JURY DEMAND

141. Defendant denies the allegations contained in paragraph 141.

## VII. PRAYER FOR RELIEF

142. Defendant denies the allegations contained in paragraph 142.

143. Defendant denies the allegations contained in paragraph 143.

144. Defendant denies the allegations contained in paragraph 144.

145. Defendant denies the allegations contained in paragraph 145.

146. Defendant denies the allegations contained in paragraph 146.

147. Defendant denies the allegations contained in paragraph 147.

148. Defendant denies the allegations contained in paragraph 148.

149. Defendant denies the allegations contained in paragraph 149.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defense to preserve them for trial. Defendant does not allege or admit that it bears the burden of proof with respect to any of the following defenses, nor does Defendant assume the burden of proof of any matters that would otherwise


Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

rest on Plaintiffs. Defendant does not waive any applicable affirmative defenses and Defendant reserves the right to supplement this Answer and assert additional affirmative defenses, other defenses and/or counterclaims at such time and to such extent as warranted by discovery and the factual development of this case.

1. Plaintiffs' cause of action is barred because Plaintiffs provided their express written consent for any alleged calls.

2. Plaintiffs' purported claims are barred, in whole or in part, to the extent that Plaintiffs agreed to a waiver of any class action.

3. Plaintiffs have failed to allege sufficient facts upon which a claim for relief may be granted against Defendant in whole or in part.

4. Plaintiffs are estopped from entitlement to any recovery, if any, by reason of their own acts and omissions, including failure to properly notify Defendant and/or its agents not to call Plaintiffs.

5. Plaintiffs' purported claims are barred because Defendant and/or its agents relied in good faith on the prior express consent submitted by or on behalf of Plaintiffs.

6. Plaintiffs' purported claims are barred to the extent Plaintiffs are not the subscriber, user or owner of the cellular number on which Plaintiffs alleges that calls were made to them from Defendant.

7. Plaintiffs' purported claims against Defendant are barred, in whole or in part, because any alleged damages they may have sustained were caused by individuals, third parties or entities other than Defendant.

8. Plaintiffs' purported claims are barred to the extent Plaintiff and/or the class members are not residential subscribers and/or used their telephone for business purposes.



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

9. The allegations of the Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and Defendant reserves the right to seek an award of fees and costs of this lawsuit against Plaintiffs.

10. Plaintiffs' claims are barred to the extent Plaintiff is not an adequate class representative and/or has a conflict of interest.

11. Plaintiffs' claims are barred to the extent they failed, refused and neglected to take proper action and follow the applicable procedures to be included on the internal do not call list of Defendant.

12. Plaintiffs' claims are barred to the extent that the class members only received one call, and/or suffered no damages or injury.

13. Plaintiffs' cause purported of action is barred to extent that the calls to Plaintiffs were made by another third party.

14. Plaintiffs' purported claims are barred to the extent that Defendant did not directly make any of the calls. Defendant is not vicariously liable for the alleged calls made to Plaintiffs.

15. Plaintiffs' cause of action is barred because the TCPA is invalid as it is an unconstitutional restriction on First Amendment speech that contains multiple content-based exceptions and favors certain speech.

16. The action is not proper for class certification because Plaintiffs cannot meet the prerequisites for class certification under Rule 23(a), and Plaintiffs bear the burden to prove them all.

17. The action is not proper for class certification because Plaintiffs cannot meet the requirements for class certification under Rule 23(b), and Plaintiffs bear the burden to prove them all.

18. The action is not proper for class certification as the questions of law and fact of the individuals predominate over the questions of law or fact common to the members, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls,



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

Plaintiffs' prior express consent, and Plaintiffs' alleged requests to be included on the internal do not call list.

19. The action is not proper for class certification because the allegations are not typical and representative of the proposed class, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls, Plaintiffs' prior express consent, and Plaintiffs' alleged requests to be included on the internal do not call list.

20. The action is not proper for class certification because Plaintiff cannot establish the numerosity requirement since there are no other known individuals similarly situated as Plaintiff.

21. Any injury, statutory or otherwise, allegedly suffered by Plaintiffs were not caused by the acts, conduct, or omissions of Defendant.

22. Any damage or loss sustained by Plaintiffs and attributable to Defendant (if any) must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative negligence or fault.

23. Plaintiffs' claims are barred because they lack standing and have not suffered any Article III injury.

24. Plaintiffs have failed, refused and neglected to take reasonable steps to mitigate the alleged damages, if any, thus barring or diminishing Plaintiffs' recovery herein.

25. Plaintiffs' claims are barred to the extent that Plaintiffs engaged in fraud or made misrepresentations to induce Defendant to call him.

26. Plaintiffs' claims are barred to the extent that Plaintiffs engaged in entrapment and/or are a professional plaintiff litigant.

27. Plaintiffs' claims are barred as Defendant maintains TCPA policies and procedures to prevent calls being made in violation of the TCPA.



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

28. Plaintiffs' claims are barred to the extent they had an established business relationship with Defendant.

29. Plaintiffs' claims are barred to the extent they made admissions to Defendant as to their personal identity and/or prior express consent and/or expressed an interest in Defendant's products and services.

30. Plaintiffs' claims are barred to the extent they waived any such alleged violation by acquiescing to the calls and/or text messages.

31. Plaintiffs' claims are barred as there is a pending cause of action concerning the class claims raised here, which is first to file: *Leon Weingrad v. DaBella Exteriors LLC*, Case No. 3:25-cv-00396-SI, was already being litigated in the United States District Court for the District of Oregon, Portland Division. There is also another matter pending that was filed prior to this lawsuit: *DiCicco v. DaBella Exteriors LLC*, Case No. 1:25-cv-13338-AK, in the United States District Court for the District of Massachusetts.

32. This Court does not have jurisdiction over the alleged claims to the extent that Plaintiffs are bound by an arbitration clause, and required to arbitrate these claims.

33. Plaintiffs' claims are barred to the extent they did not register their cellular numbers on the Do Not Call registry.

34. Plaintiffs' claims are barred to the extent that they did not answer "more than one" telephone solicitation from Defendant made without consent in a 12 month timeframe.

35. Plaintiffs' claims are barred as Defendant is entitled to rely on the safe harbor defense under 47 U.S.C. § 64.1200(c)(2)(i).

36. Plaintiffs' damages are barred because they lacks standing to the extent that they have engaged in a profit making scheme.

37. Plaintiffs' damages are barred because they are not entitled to stack damages.

38. Plaintiffs fail to state a cause of action for the CallerId Class as there is no private right of action for such count.



Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint and having asserted its defenses and affirmative defenses, Defendant denies that Plaintiffs are entitled to recovery or relief in any amount whatsoever, and respectfully prays that this Court:

a. Dismiss Plaintiffs' Complaint with prejudice, and deny all relief, damages, and other remedies requested by Plaintiffs;

b. Deny certification of the proposed Class;

c. Deny appointment of Plaintiff as class representative for the Class;

d. Deny appointment of Plaintiffs' counsel as Class Counsel;

e. Enter an award of costs and attorneys' fees in favor of Defendant; and

f. Grant Defendant any and all further relief the Court deems just and proper.

Dated February 4, 2026.

Respectfully submitted,

By: *s/Benjamin C. Woodruff*
Benjamin C. Woodruff, WSBA #56618
SNELL & WILMER LLP
600 University Street, Suite 310
Seattle, WA 98101-3122
Telephone: 206.741.1420
Email: bwoodruff@swlaw.com

-and-

Diane J. Zelmer Esq. (*pro hac vice* forthcoming)
BERENSON LLP
4495 Military Trail, Ste. 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Facsimile: 703-991-2195
Email: djz@berensonllp.com
hcc@berensonllp.com

4923-4007-7453